## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
HSING C. LIU,                     )
                                        )

        **Plaintiff,**        )
                                          )

        **v.**                    )         **Civil Action No. 06-0268 (JR)**
                                          )

**KEVIN J. MARTIN, Chairman,**     )
**Federal Communications Commission,**  )
                                          )

**Defendant.**                   )
———————————————————————)

## DEFENDANT'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(6) defendant moves to dismiss plaintiff's

complaint for failure to state a claim upon which relief can be granted.  In the alternative,

defendant moves for summary judgment pursuant to Fed. R. Civ. Pro. 56(c), as there is

no genuine issue of material fact in this case, and defendant is entitled to judgment as a

matter of law.  In support of this motion, the Court is respectfully referred to the

accompanying Statement of Undisputed Material Facts, and Memorandum of Points and

Authorities.  A proposed Order consistent with this motion is attached hereto.

Dated: May 1, 2006                 Respectfully submitted,

                                        /s/_____
                                        KENNETH L. WAINSTEIN
                                        D.C. Bar # 451058
                                        United States Attorney

                                       /s/_____
                                        RUDOLPH CONTRERAS
                                        D.C. Bar # 434122
                                        Assistant United States Attorney

/s/_____

Of Counsel:                          HEATHER R. PHILLIPS
                                     C.A. Bar # 19620
Michael A. Krasnow                   Assistant United States Attorney
Federal Communications               Civil Division
Commission                           555 4th Street, N.W., Rm E4212
                                     Washington, DC 20530
                                     (202) 514-7139

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

HSING C. LIU,                                )
                                             )
      **Plaintiff,**                         )
                                             )
      v.                                    )          **Civil Action No. 06-0268 (JR)**
                                             )
KEVIN J. MARTIN, Chairman,                   )
Federal Communications Commission,           )
                                             )
Defendant.                                   )
_____)

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  By VAN 04-0068DF, advertised from December 30, 2003, through January 14, 2004, the FCC sought applications FCC-wide to fill a GS-15 Physicist position in the International Bureau's ("IB") Systems Analysis Branch ("SAB").  See VAN 04-0068DF, attached to the Declaration of Diane F. Graham ("Graham Decl.") as Exhibit A.  VAN 04-0068DF was never filled.  Graham Decl. ¶ 4.

2.  By VAN 04-0100, advertised from February 4, 2004, through February 19, 2004, the FCC sought applications FCC-wide to fill a GS-15 Physicist/Electronics Engineer position in the SAB.  See VAN 04-0100, attached to the Graham Decl. as Exhibit B.

3.  Neither VAN 04-0068DF nor VAN 04-0100 was withdrawn; instead both postings remained open for the duration of time specified in the vacancy announcements, and closed on the dates specified therein.  Graham Decl. ¶ 6.

4.  VAN 04-0100 was a re-advertisement of Van 04-0068DF, seeking to fill the same GS-15 vacancy, except that the position title was revised to state "Interdisciplinary: Physicist/Electronics Engineer" instead of "Physicist."  Graham Decl. ¶ 7.

1

5.  On February 27, 2004, a Merit Promotion Certificate for VAN 04-0100 containing the names of three candidates – Donald Campbell, Qihui Huang, and George Sharp –  for VAN 04-0100, was issued to the selecting official, William E. Howden, then Chief of SAB.  See Merit Promotion Certificate, attached to the Graham Decl. as Exhibit C.

6.  On March 4, 2004, Mr. Howden selected Donald Campbell to fill the position advertised in VAN 04-0100.  This is evidenced by the "S" marked by Mr. Campbell's name denoting his selection, and by the "NS" marked by Ms. Huang's and Mr. Sharp's names, denoting their non-selection.  See Merit Promotion Certificate, attached to the Graham Decl.

7.  On March 15, 2004, Mr. Campbell declined the position advertised in VAN 04-0100.  Graham Decl. ¶ 10.

8.  The Merit Promotion Certificate for VAN 04-0100 reflects that VAN 04-0100 was offered to only one individual, Mr. Campbell, and after he declined the position, VAN 04-0100 was never filled.  Graham Decl. ¶ 11.

9.  FCC personnel records reflect that William E. Howden, former SAB Chief, retired from Agency service on January 21, 2005.  Graham Decl. ¶ 12.

10.  FCC personnel records reflect that Doreen Fisher, the personnel specialist who prepared the Merit Promotion Certificate for VAN 04-0100, retired from Agency service in August of 2004.  Graham Decl. ¶ 13.

11.  FCC personnel records reflect that Tom Tycz, Mr. Howden's former supervisor, retired from the FCC effective August of 2005.  Graham Decl. ¶ 14.

12. The complete merit promotion files for VAN 04-0068DF and VAN 04-0100 no longer exist. Graham Decl. ¶ 15.

13. As of February 4, 2004, plaintiff suspected that the positions were advertised in a discriminatory manner. <u>See</u> Initial Contact and/or Counseling Session for Informal Complaint of Discrimination, attached hereto as Exhibit 2 (attached plaintiff's timeline).

14. On April 2, 2004, Mr. Howden informed plaintiff via email that the positions would not be posted again. <u>See</u> April 2, 2004 email from Mr. Howden to plaintiff, attached hereto as Exhibit 7.

15. On August 24, 2004, plaintiff initiated contact with an EEO counselor. Initial Contact and/or Counseling Session for Informal Complaint of Discrimination, attached hereto as Exhibit 2.

16. On March 3, 2005, Plaintiff filed a formal EEO complaint, essentially alleging that the Agency discriminated against him on the basis of his race and national origin by deterring him from applying for a promotion. Formal Complaint of Discrimination, attached hereto as Exhibit 3.

Dated: May 1, 2006                                    Respectfully submitted,

                                                      /s/ _____
                                                      KENNETH L. WAINSTEIN
                                                      D.C. Bar # 451058
                                                      United States Attorney


                                                      /s/ _____
                                                      RUDOLPH CONTRERAS
                                                      D.C. Bar # 434122
                                                      Assistant United States Attorney

|  | /s/ |
|---|---|
| Of Counsel: | HEATHER R. PHILLIPS |
|  | C.A. Bar # 19620 |
| Michael A. Krasnow | Assistant United States Attorney |
| Federal Communications | Civil Division |
| Commission | 555 4th Street, N.W., Rm E4212 |
|  | Washington, DC 20530 |
|  | (202) 514-7139 |

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HSING C. LIU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-0268 (JR)** |
| ) | |
| **KEVIN J. MARTIN, Chairman,** ) | |
| **Federal Communications Commission,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff Hsing C. Liu alleges that he was discriminated against on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, when Defendant Federal Communications Commission ("FCC" or "Agency") deterred him from applying for a promotion.  See generally Complaint.  Defendant hereby moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff fails to state a claim upon which relief can be granted because he failed to timely exhaust his administrative remedies.  Alternatively, defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56 because there is no genuine issue as to any material fact respecting the untimeliness of plaintiff's EEO complaint, and defendant is therefore entitled to judgment as a matter of law.

## I.    BACKGROUND

Plaintiff  is employed as a GS-14 Electronics Engineer in the Systems Analysis Branch ("SAB") of the FCC's International Bureau.  Complaint ¶ 1.  By Vacancy Announcement Number ("VAN") 04-0068DF, advertised from December 30, 2003

through January 14, 2004, the FCC sought applications FCC-wide to fill a GS-15 Physicist position in the SAB.  See Declaration of Diane F. Graham ("Graham Decl") ¶ 4, attached hereto as Exhibit 1.  VAN 04-0068DF notes that in order to receive consideration, a candidate must submit the appropriate application materials "BY THE CLOSING DATE."  Id.; see also Exhibit A attached thereto (emphasis in original). Plaintiff concedes that he did not apply for VAN 04-0068DF, and the position was never filled.  Complaint ¶ 4; Graham Decl. ¶11.

By VAN 04-0100, advertised from February 4, 2004 through February 19, 2004, the FCC sought applications FCC-wide to fill a GS-15 Physicist/Electronics Engineer position in the SAB. Graham Decl. ¶ 5, and Exhibit B attached thereto.  VAN 04-0100 was a re-advertisement of VAN 04-0068DF, seeking to fill the same GS-15 vacancy, except the position title was revised to state "Interdisciplinary: Physicist/Electronics Engineer" instead of "Physicist." Graham Decl. ¶ 7.  VAN 04-0100 also specified that applicants must apply "BY THE CLOSING DATE" in order to received consideration. Id. at Exhibit B thereto (emphasis in original).  Plaintiff concedes that he also did not apply for this position.  Complaint ¶ 4.

On February 27, 2004, a Merit Promotion Certificate containing several candidates' names was issued to the selecting official, William E. Howden, then Chief, SAB.[1] Graham Decl. ¶ 8, and Exhibit C attached thereto.  The Merit Promotion Certificate listed three candidates:  Donald Campbell, Qihui Huang, and George Sharp. Id.  On March 4, 2004, Mr. Howden selected Donald Campbell to fill the position.[2]

---

[1] Mr. Howden retired in or about January 2005.

[2] Plaintiff alleges repeatedly that the position was offered also to George Sharp.  There is nothing in the record to support plaintiff's allegation.  The Merit Promotion Certificate for VAN 04-0100 clearly shows that Mr. Sharp was not selected and that the selectee was

Graham Decl. ¶ 9, and Exhibit C attached thereto ("S" marked by Mr. Campbell's name denoting his selection; "NS" marked by Ms. Huang's and Mr. Sharp's names denoting their non-selection; and Mr. Howden's signature at the bottom of the certificate). On March 15, 2004, Mr. Campbell declined the position. Id. (handwriting on certificate stating "decline by phone 3/15/04"). VAN 04-0100 too was never filled. Graham Decl. ¶ 11.

On August 24, 2004, plaintiff initiated contact with an EEO counselor. See Initial Contact and/or Counseling Session for Informal Complaint of Discrimination, dated August 31, 2004, attached hereto as Exhibit 2. On March 3, 2005, plaintiff filed a formal EEO complaint, alleging essentially that the agency discriminated against him on the basis of his race and national origin by deterring him from applying for a promotion. See Formal Complaint of Discrimination, attached hereto as Exhibit 3. The Agency did not investigate plaintiff's EEO complaint or issue a decision addressing the merits thereof. Rather, on May 16, 2005, the FCC issued a decision dismissing plaintiff's EEO complaint on the procedural ground that he failed to establish that he suffered any harm concerning a term, condition, or privilege of employment because he never applied for VAN 04-0100 and the position was never filled. See May 16, 2005 Memorandum from June Taylor, Acting Director, Office of Workplace Diversity, to Hsing Liu, attached hereto as Exhibit 4.

Plaintiff subsequently appealed the FCC's decision to the EEOC, which affirmed the FCC's decision on September 21, 2005. See Liu v. Martin, EEOC Appeal No. 01A54395 (2005 WL 2429010), attached hereto as Exhibit 5. Plaintiff requested

---

Mr. Campbell.

reconsideration of the EEOC's September 21, 2005 decision, and the EEOC denied

plaintiff's request on November 16, 2005.  See Liu v. Martin, EEOC Request No.

05A60130 (2005 WL 3143393), attached hereto as Exhibit 6.  On February 14, 2006,

plaintiff filed the instant civil action, alleging that the "agency listed the position in such

a manner that certain individuals [two Caucasians] would be preselected for the

position."[3]  Complaint ¶ 3.  Plaintiff alleges further that when those "preselected"

individuals rejected the position, "the agency then withdrew the announcement to prevent

the Plaintiff's application."  Id.

## II.   **STANDARD OF REVIEW**

The Court will grant a motion to dismiss for failure to state a claim when "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fed. R.

Civ. P. 12(b)(6).  The Court must accept all of the allegations in the plaintiff's complaint

as true and construe them in the light most favorable to the plaintiff.  See Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994); Konarski v. Brown, 293 F.

Supp.2d 70, 72 (D.D.C. 2003).  If the Court relies on matters beyond the pleadings, it

should treat the motion as one for summary judgment under Rule 56.  See Fed. R. Civ. P.

12(b)(6).

A motion for summary judgment under Rule 56(c) will be granted if "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[3] Plaintiff's Complaint does not specify whether the position to which it refers is VAN
04-0068DF, VAN 04-0100, or both.  The Agency's motion thus addresses both VAN 04-
0068DF and VAN 04-0100, and shows that plaintiff failed to timely exhaust his
administrative remedies with respect to both vacancies.

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When ruling on a motion for summary judgment, the Court must view the evidence in the

light most favorable to the non-moving party. <u>Bayer v. United States Dep't of Treasury</u>,

956 F.2d 330, 333 (D.C. Cir.1992). However, the non-moving party cannot rely on

"mere allegations or denials . . ., but . . . must set forth specific facts showing that there

[are] genuine issue[s] for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248

(1986) (citation omitted). Under Rule 56, "if a party fails to establish the existence of an

element essential to that party's case and on which that party will bear the burden of

proof at trial" summary judgment is warranted. <u>Hazward v. Runyon</u>, 14 F. Supp.2d 120,

122 (D.D.C. 1998) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

## III.    <u>ARGUMENT</u>

### A.    <u>Plaintiff Failed To Timely Exhaust His Administrative Remedies</u>.

A plaintiff who wishes to institute a civil action against a federal agency for

employment discrimination under Title VII must first exhaust his administrative

remedies. <u>See</u> 42 U.S.C. § 2000e-16(c); <u>Bayer v. U.S. Dep't of Treasury</u>, 956 F.2d 330,

332 (D.C. Cir. 1992) (citing <u>Brown v. General Services Administration</u>, 425 U.S. 820,

832-33 (1976)). EEOC regulations implemented pursuant to 42 U.S.C. § 2000e-16(b)

provide that, as one component of the administrative exhaustion requirement, an

aggrieved party must initiate contact with an EEO counselor within 45 days of the date of

the alleged discriminatory conduct or the effective date of an alleged discriminatory

personnel action. <u>See</u> 29 C.F.R. § 1614.105(a)(1); <u>Stewart v. Ashcroft</u>, 352 F.3d 422,

425 (D.C. Cir. 2003). Otherwise, the party has failed to timely exhaust his administrative

remedies, and is typically barred from proceeding on his claims in court.[4]  Stewart, 352
F.3d at 425; Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C. 1998) ("[a]s a general
rule, non-compliance with administrative deadlines will bar a plaintiff from litigating his
claims in court.") (citing Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir.1985)).

      The triggering standard that initiates the 45-day limitations period for EEO
counselor contact is "reasonable suspicion." Paredes v. Nagle, 1982 WL 319 (D.D.C.
1982).  When a party "obtains information that gives him a reasonable suspicion that he
has been the victim of discrimination," the limitations period begins to run, even if not all
of the facts that support a charge of discrimination have become apparent.  See Hyson v.
Boorstin, 1982 WL 155452 at *2 (D.D.C. 1982) (internal quotations omitted); see also
Delaware State College v. Ricks, 449 U.S. 250, 261 (1980) ("limitations periods
normally commence when the employer's decision is made").  Plaintiff's August 24,
2004 initiation of EEO procedures in this case is thus untimely "if he knew, or should
have known, about the alleged discriminatory action" prior to July 10, 2004 – i.e., 45
days prior to his initial contact with the EEO counselor.   See Stewart, 352 F.3d at 425.

      Here, plaintiff failed to comply with the relevant administrative deadlines
governing his claims.  Therefore, his Complaint is time-barred and should be dismissed.
Plaintiff's Complaint alleges that the agency committed two discriminatory acts: (1)
listing the vacancy in such a manner that two Caucasian individuals (George Sharp and
Donald Campbell) were preselected, thereby deterring plaintiff's application for the
position; and (2) "arbitrarily" withdrawing the vacancy announcement after these two

---

[4] The 45-day time requirement is not jurisdictional, but rather operates "like a statute of
limitations, [which] is subject to waiver, estoppel, and equitable tolling." Saltz v.
Lehman, 672 F.2d 207, 208 (D.C. Cir.1982) (quoting Zipes v. Trans World Airlines, Inc.,
455 U.S. 385, 393 (1982)).

individuals declined the position "so as to deprive plaintiff of his right to apply" for the position.  See Complaint ¶¶ 3-4.  As set forth below, the record evidence, including plaintiff's own admissions, clearly establishes that plaintiff knew all of the information upon which his discrimination complaint is based many months prior to July 10, 2004.

With respect to plaintiff's allegation that the GS-15 vacancies were listed in a discriminatory fashion, as stated above, VAN 04-0068DF was posted on December 30, 2003, and VAN 04-0100 was posted on February 4, 2004.  Plaintiff was thus aware of the circumstances surrounding his concerns regarding these positions by those dates.  Indeed, in documents that he submitted during administrative proceedings in this case, plaintiff concedes that he knew in December 2003 that "[t]he International Bureau Satellite Division Systems Analysis Branch posted a GS-15 position for a physicist."  See Exhibit 2 (plaintiff's time and events chart attached to EEO counselor report at pp. 3-4).  Plaintiff concedes further that he believed in December 2003 that "the job title and description were narrowly worded so that only one person in the Branch could fit the job requirement."  Id.  It is thus clear that plaintiff suspected in December 2003 that VAN 04-0068DF was advertised in a fashion that he deemed discriminatory.

Plaintiff maintains that he learned additional information in January 2004 that he believed supported his suspicion that someone was preselected for VAN 04-0068DF.  Specifically, plaintiff states that in January 2004, "[b]y talking to George Sharp, I learned that Sharp had applied [for] another position in the OET and the Branch Chief William Howden was trying to retain him by offering a promotion."  Id.  Plaintiff thus concedes that as of January 2004, he believed that Mr. Sharp was preselected for VAN 04-0068DF.

7

As of February 4, 2004, plaintiff knew that VAN 04-0100 had been posted. Indeed, he states that on that date he suspected that "Howden received complaints about unnecessarily restriction [sic] in the job requirements [regarding VAN 04-0068DF], compelled [sic] him to change the position title to "interdisciplinary physicist/electronics engineer." Id. Plaintiff concedes that on February 4, 2004, he believed that VAN 04-0100 too had been listed in a discriminatory fashion, and thus "I did not apply because the position was pre-determined to promote Sharp." Id.

The foregoing clearly evidences the development of plaintiff's belief that VAN 04-0068DF and VAN 04-0100 were listed in a discriminatory fashion, that George Sharp had been pre-selected, and that he was discouraged from applying. Plaintiff's own description of the time period between December 2003 and February 2004 reveals that as of February 4, 2004, he suspected that the positions were advertised in a discriminatory manner so as to discourage his application. Id. In order to comply with the administrative EEO deadlines, plaintiff was required to contact an EEO counselor within 45 days of February 4, 2004, or by March 22, 2004.[5] Plaintiff did not contact an EEO counselor until more than five months after that deadline – on August 24, 2004.

Plaintiff's claim in connection with his allegation that VAN 04-0068DF and VAN 04-0100 were "arbitrarily" withdrawn after two Caucasian individuals declined offers in order to prevent plaintiff's application is similarly untimely. At the outset, the precise basis for plaintiff's allegation is unclear, because neither vacancy was withdrawn – both vacancies remained open for the duration of time specified in the vacancy announcements, and closed on the dates specified therein. Graham Decl. ¶ 6. Moreover,

---

[5] The 45th day after February 4, 2004 is Saturday, March 20, 2004. The next business day is March 22, 2004.

the record evidence shows that after VAN 04-0100 closed, the position was offered only

to one individual, Mr. Campbell, who declined the position (and not two individuals as

plaintiff suggests).  Id. ¶ 11.  Additionally, both vacancy announcements noted that a

candidate must apply by the closing date in order to receive consideration, which plaintiff

concedes he did not do.  Id. ¶¶ 4-5; Complaint ¶ 4.  To the extent that plaintiff believes

that the vacancy announcements were withdrawn prior to their closing dates in order to

prevent his application, he is thus mistaken.  What is more, it is unclear how the agency

could have "deprived" plaintiff of his "right to apply" for vacancy announcements that

had already closed and for which plaintiff had already decided not to apply.

　　　　In any event, to the extent that plaintiff's allegation that the Agency

discriminatorily withdrew the vacancies is intended to refer to the Agency's decision not

to re-post VAN 04-0100 after it closed, any such allegation is also untimely, again

evidenced by plaintiff's own admissions.  Plaintiff maintains that on March 9, 2004, he

learned that George Sharp had been offered VAN 04-0100 and declined the position,

prompting plaintiff to ask "[Mr.] Howden if the position could be posted again so I could

apply."  See Exhibit 2 (plaintiff's time and events chart at 3-4).  Plaintiff concedes that

on that same day "Howden said no . . . ."  Id.  Plaintiff thus knew on March 9, 2004 that

VAN 04-0100 would not be re-posted.

　　　　If plaintiff was for some reason unclear whether VAN 04-0100 would be re-

posted after March 9, 2004, any such confusion should have been clarified by April 2,

2004.  Plaintiff maintains that on April 2, 2004, "Howden offered the position to Donald

Campbell who also declined the offer."  Id.  Plaintiff concedes that, on that same day,

"[o]n my further inquiry, now Howden said he was going to close the position."  Id.

Additionally, Mr. Howden informed plaintiff via e-mail on April 2, 2004 that "[w]e won't be posting the position again." See April 2, 2004 e-mail from Bill Howden to Hsing Liu, attached hereto as Exhibit 7. Therefore, by March 9, 2004, and certainly by April 2, 2004, plaintiff knew that VAN 04-0100 would not be re-posted.

Giving plaintiff the benefit of all doubts, he clearly possessed all of the necessary information to form what he believed to be a reasonable suspicion of discrimination with respect to all of the claims in his Complaint at the very latest by April 2, 2004. By that date, plaintiff (1) knew the "manner" in which the positions were advertised because he was aware that both VAN 04-0068DF and VAN 04-0100 had been posted and had closed; (2) had expressed his belief that two Caucasian individuals had been pre-selected for the positions and that he had been discouraged from applying; (3) believed that VAN 04-0100 had been offered to two Caucasian individuals who had declined the position; and (4) knew that VAN 04-0100 would not be re-posted. As of April 2, 2004, there was thus no more information that plaintiff required to complete his understanding of the circumstances surrounding the GS-15 position that he sought.

In order to comply with the administrative EEO deadlines, at the very latest, plaintiff was required to have contacted an EEO counselor within 45 days of April 2, 2004, or by May 17, 2004. As stated, plaintiff did not contact an EEO counselor until August 24, 2004 -- more than three months after that deadline. Accordingly, viewing circumstances in a light most favorable to plaintiff, all of his claims in connection with VAN 04-0068DF and VAN 04-0100 are untimely.

Finally, subsequent to April 2, 2004, plaintiff apparently asked the Agency to reconsider its decision not to re-post VAN 04-0100, which the Agency again declined to

do.  Exhibit 2 ( at plaintiff's Time and Events Chart).  Plaintiff's request that the Agency reconsider its prior decision does not render his claims timely.  As discussed above, the alleged discriminatory acts that are the subject of plaintiff's Complaint occurred several months earlier, and plaintiff's subsequent request for the Agency to reconsider its decision not to re-post VAN 04-0100 cannot give present effect to a past allegedly illegal act.  If it did, a plaintiff could circumvent the time limits set out in 29 C.F.R. § 1614.105(a)(1) simply by asking an agency to reconsider its allegedly discriminatory decision.  See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (in assessing whether a Title VII violation has occurred, the "proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful . . . .  The emphasis is not upon the effects of earlier employment decisions; rather it 'is [upon] whether any present *violation* exists.") (quotations and citation omitted) (emphasis in original).

**B.     The Agency Has Timely Raised Its Affirmative Defense That Plaintiff Failed To Timely Exhaust His Administrative Remedies.**

Although a defendant may waive the affirmative defense of failure to exhaust administrative remedies in certain situations, the Agency has not done so here.  Only where an agency accepts and investigates a complaint, and then renders a decision on the merits, all without mentioning timeliness, have Courts found that an agency's failure to raise that defense during the administrative process leads to waiver of the defense when the complaining party files suit.  Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997) (citations omitted); Johnson v. Billington, 404 F. Supp. 2d 157, 162 (D.D.C. 2005) ("when a complaint has proceeded through administrative channels prior to arriving at the federal courthouse, and the agency has accepted, investigated and decided that

complaint on its merits without raising the exhaustion issue, the exhaustion may be found to have been waived.").

In <u>Bowden</u>, the court concluded that the defendant had waived its defense of untimely exhaustion based upon a "balancing of the equities," because "the agency definitively responded to the merits of an employee's complaint without mentioning timeliness, failed to raise untimeliness until the third round in court, and prolonged the litigation for years by shifting legal positions . . . ." <u>Id.</u> at 439. Similarly, in <u>Johnson</u>, the defendant fully investigated the employee's claim and adjudicated the merits thereof, failed to raise the affirmative defense of untimely exhaustion in its answer to plaintiff's complaint, and raised the defense for the first time in its reply brief in support of its motion for summary judgment. <u>Id.</u>

Here, unlike in <u>Bowden</u> and <u>Johnson</u>, the FCC never investigated plaintiff's EEO complaint and did not render a decision on the merits. Rather, as stated, the FCC dismissed plaintiff's EEO complaint on the procedural ground that plaintiff had never applied for the position and that the position was never filled, and did not conduct an EEO investigation. <u>See</u> Exhibits 4-6. Moreover, the FCC's raising of the affirmative defense of failure to timely exhaust administrative remedies here is not inconsistent with its prior responses to plaintiff's EEO complaint during the administrative process. The Agency previously dismissed plaintiff's EEO complaint on procedural grounds, which the EEOC upheld, thus plaintiff was on notice from the beginning that his EEO complaint was procedurally defective. Third, the FCC is raising the defense of failure to timely exhaust administrative remedies at its first opportunity in this litigation – in its responsive pleading to plaintiff's Complaint. <u>Cf.</u> <u>Bowden</u>, 106 F.3d at 433. Finally,

requiring the Agency to litigate plaintiff's untimely claims would be extremely prejudicial.  The Agency did not conduct an EEO investigation when plaintiff filed his EEO complaint because it dismissed the complaint as procedurally defective.  As a result, evidence in this case has become stale and lost.  Potential witnesses' memories have faded, and two individuals with relevant knowledge concerning the matters at issue in this litigation have retired from the Agency -- the selecting official, Mr. Howden, and the personnel specialist who prepared the Merit Promotion Certificate for VAN 04-0100, Doreen Fisher.  Graham Decl. ¶¶ 12-13.  Mr. Howden's former supervisor, Tom Tycz is also no longer employed at the Agency.  Id. ¶ 14.  Additionally, the Agency has been unable to locate the complete merit promotion file for either VAN 04-0068DF or VAN 04-0100.  Id. ¶ 15.  Accordingly, there is no basis to conclude that the Agency has waived the affirmative defense of untimely exhaustion of administrative remedies in this case.

## IV.    **CONCLUSION**

Based upon the foregoing and the record evidence in this case, defendant respectfully requests that the Court enter judgment in favor of defendant and dismiss plaintiff's Complaint with prejudice.

Dated: May 1, 2006                              Respectfully submitted,


                                                /s/
                                                KENNETH L. WAINSTEIN
                                                D.C. Bar # 451058
                                                United States Attorney
                                                /s/
                                                RUDOLPH CONTRERAS
                                                D.C. Bar # 434122
                                                Assistant United States Attorney
                                                /s/
Of Counsel:                                     HEATHER R. PHILLIPS
                                                C.A. Bar # 19620
Michael A. Krasnow                              Assistant United States Attorney
Federal Communications                          Civil Division
Commission                                      555 4th Street, N.W., Rm E4212
                                                Washington, DC 20530
                                                (202) 514-7139

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
HSING C. LIU,                              )
                                           )
                    Plaintiff,             )
         v.                                )        Civ. No. 0600268 (JR)
                                           )        ECF
KEVIN J. MARTIN, Chairman,                 )
Federal Communications                     )
Commission,                                )
                    Defendant.             )
_____ )

**ORDER**

Upon consideration of defendant's Motion to Dismiss or in the alternative for

Summary Judgment, the Opposition thereto, and the entire record herein, it is this ____

day of _____, hereby

ORDERED that the defendant's motion is hereby GRANTED and this case is

hereby DISMISSED.

_____

UNITED STATES DISTRICT JUDGE