United States District Court
for the District of Columbia

Hsing C. Liu

V.                                  Civil Action No. 1:06CV-00268 (JR)

Kevin J. Martin, Chairman

Opposition to the Motion to Dismiss

The plaintiff files the following opposition to the motion to dismiss filed by the defendant on the grounds that he did comply with the requirements of contacting the agency within the time limits set by the statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et. Seq. as amended. In support it is alleged as follows;

1) The defendant has filed a motion to dismiss on the grounds that the plaintiff has failed to exhaust administrative remedies and filed untimely complaints with the EEO office of the agency after he was advised that the job announcement would not be reopened. In support the plaintiff submits his affidavit and time line of events, and a memorandum of law in support of the opposition to the motion and an affidavit in accordance with rule 56(f) of the rules of civil procedure stating the need for discovery of supervisory officials.

*[signature]*
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

### The Certificate of Service

I certify that a copy of the above has been served on the office of the United States Attorney on the 12 Day of June 2006 by nail and electronic mail.

*[signature]*
Sol Z. Rosen Esq.

United States District Court
for the District of Columbia

Hsing C. Liu

V.                                    Civil Action No. 1:06CV-00268 (JR)

Kevin J. Martin, Chairman

The Memorandum of Law in Support of Opposition to Motion to Dismiss or for Summary Judgment

The plaintiff submits the following memorandum of law in support of his opposition to the motion for dismissal or summary judgment.

The plaintiff contends that he complied with the requirements of the Civil Rights Act of 1964, 42 U.S. C 2000(e) et seq. as amended. His affidavit, which is attached and which is the counter statement of facts that create material issues of fact that would submit the case to the jury, clearly indicates that he was misled by the agency as to the reopening of the job position. That was the "triggering" event that led him to conclude that he was the victim of employment discrimination. That was the act of the agency that "triggered" the time line for his filing the complaint with the EEO office of the agency and the EEOC. Until that time there was no reason to assume that he was the direct victim of employment discrimination. The declaration of the plaintiff and the narration of the facts outline by the defendant clearly indicates that the one Caucasian was preselected for the position in question, and Mr. Campbell was selected according to the agency procedure. When they rejected the position, there were two individuals within the agency who were still interested in the position, the plaintiff and another. Rather than allow these

two individuals to apply, the selecting official closed the announcement without advising the candidates that the job announcement would not be reopened for them or anyone else. A review of the affidavit of the plaintiff clearly indicates that he complied fully with the statutory requirements for filing and the regulations promulgated by the agency to interpret the statute. Thus, for the reasons stated the motion must be denied.

A court must deny a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 US 41,45-46(1957). This court is obligated to accept all of the allegations of plaintiffs' complaint as true and construe them in the light most favorable to the plaintiff. Kowal v. MCI Communications, 16F3rd 1271,1276(D.C. Circ.1994). The standards for considering a motion for summary judgment can be found in the Supreme Court decisions of Anderson v. Liberty Lobby, 477 U.S. 242, (1986); Celotex v. Catrett, 477 US 317(1986).

The affidavit of the plaintiff, which, as stated, is the counter statement of facts in dispute, indicates that the plaintiff complied with 42 U.S.C. 2000(e)-16(c)He also complied with the regulations implemented in accordance with the statutory requirements 42 U.S.C. 2000 (e)-16(b) by contacting the EEO counselor within forty-five days of the date of the alleged discriminatory conduct. The plaintiff contends that the discriminatory conduct occurred when the supervisory official, Howden, advised the plaintiff that the position would not reopen or, knowing that the plaintiff was interested in the same and would have applied for the position.

The government, citing the case of Paredes v. Nagle  1982WL 319(DD.C ,1982) alleges that the triggering standard is "reasonable suspicion" that a party is a victim of discrimination. That is the fact in the case at hand. Until the vacancy announcement was not renewed after the two preselected Caucasians rejected the opening, the plaintiff did not have a"reasonable"

suspicion that he was the victim of employment discrimination. The case of <u>Delaware State College v. Ricks</u>, 449 US 250(1980) supports the plaintiff's position as the limitations period did indeed commence to run when the employer's decision was made, which in this case, occurred when the plaintiff was told that the vacancy would not be reopened. The arguments of the defendant as to when the plaintiff knew, suspected, or should have known are mere conjecture and speculation, which should be rejected by the Court. The plaintiff has also submitted the EEO counselor's report for consideration of the motion by the court.

    Thus, for the reasons stated, the motion should be denied.

_____
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202-296-9375)