United States District Court
for the District of Columbia

Hsing C. Liu

V.                                    Civil Action No. 1:06CV-00268 (JR)

Kevin J. Martin, Chairman

Motion to Defer Consideration of Motion to Dismiss

The plaintiff moves this court for an order to defer the consideration of the motion to dismiss filed by the defendant in accordance with rule 56(f) of the federal rules of civil procedure. In support it is alleged. as follows;

1) The government has alleged that the complaint should be dismissed for failure to exhaust administrative remedies and failure to file timely complaints with the civil rights office of the agency and the EEOC. The plaintiff refutes these allegations with his affidavit and his time line to show that he complied with the appropriate regulations of the agencies as to the timeliness of his complaints.

2) A crucial factor is the need for discovery of his conversations and knowledge of the existence of the availability of the new position with the supervisors of the agency, particularly Mr. William Howden who is the main individual responsible for the preselection of Caucasian males for the position in question and the failure to timely notify the plaintiff of the fact that the position was closed when he was a remaining viable candidate for the promotion. Discovery of his knowledge of the procedures and the history of the selection process would create material

issues of fact for a jury that would sustain the claim of the plaintiff.

3) In the recent case of <u>Chappell-Johnson v. Donald E. Powell,Chairman,FDIC,</u>(USCA DC CIRC,- F3rd,_(2006), 2005 WL 3867416,the Court of Appeals held that the appellant is entitled to the discovery that she seeks(slip opinion page 8). The plaintiff's affidavit and the statement of the undersigned show the types of evidence that might raise an inference of discrimination, evidence regarding the FCC's process for determining the qualifications for this vacancy as to the process for other vacancies. as well as evidence regarding why this vacancy was never filled .The Court cited <u>Swierkiewicz v. Sorema N.A.</u> 534 US 506,512(2002) where it was noted the courts may not impose a prima facie case requirement in a "rigid, mechanized or ritualistic way.

4) The plaintiff alleges. as in the <u>Chappell-Johnson</u> case, supra ,that discovery would reveal among other things, the process by which grade levels are determined for vacant positions and the reasons why the vacancy was not filled

Thus, for the reasons, stated, it is prayed that the court defers consideration of the motion to dismiss and allow the plaintiff discovery to refute the erroneous allegations of the defendant.

*[signature]*
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 206-9375

## The Certificate of Service

I certify that a copy of the above was served on the office of counsel for the defendant by mail and electronic mail on the 12 Day of June 2006.

_____
Sol Z. Rosen Esq.