UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HSING C. LIU,                          :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :  Civil Action No. 06-0268 (JR)
                                       :
KEVIN J. MARTIN, Chairman,             :
Federal Communications                 :
Commission,                            :
                                       :
        Defendant.                     :

## MEMORANDUM ORDER

Before the Court is a motion to dismiss the complaint for failure timely to exhaust administrative remedies. It appears that the defendant advertised vacancy announcement (VAN) 04-0068DF from December 30, 2003, through January 14, 2004, for a GS-15 physicist position; that the plaintiff never applied for the position; that the defendant advertised VAN 04-0100 from February 4 through February 19, 2004, for a GS-15 physicist/electronics engineer position (a readvertisement of the same position); and that again plaintiff did not apply. Plaintiff's complaint of discrimination on the basis of race and national origin is that he was <u>deterred</u> from applying for either of these positions.

Plaintiff's first contact with an EEO counselor was on August 24, 2004. The government's submission on the instant motion is that he failed to initiate contact with an EEO counselor within 45 days of the date of the alleged

discriminatory conduct, see 29 C.F.R. § 1614.105(a)(1); Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003).  Plaintiff, opposing, asserts that he had no way of knowing that discriminatory conduct had taken place until his supervisor advised him -- on or about July 19, 2004, after the position had been offered to two Caucasians, both of whom turned it down -- that the vacancy would not be open after all.  The government argues that plaintiff's own statements indicate his awareness long before July 2004 that the advertisements for the GS-15 vacancies had been "narrowly worded so that only one person in the branch could fit the job requirement" and that when he saw those advertisements he had or should have had the "reasonable suspicion" that triggers the 45 day period to file EEO complaints.  Plaintiff responds that reasonable suspicion did not arise until he understood, not only that the opening had been designed only for one person, but that, when that person did not take the job, the position would not be open to him or to any other non-Caucasian person.  The plaintiff has the better of this argument, at least on this bare record.  The preselection of one or even two individuals might have been improper, but it was not necessarily discriminatory.  It was prudent for the plaintiff to wait to see what would happen rather than leap to the conclusion that he had been discriminated against.  More plaintiffs, indeed,

should do so.  The motion to dismiss will be **denied without prejudice**.

Plaintiff will not be required to respond to defendant's motion for summary judgment before he has had the opportunity to take discovery.  The plaintiff may have 90 days from the date of this order to complete discovery.  His opposition to the motion for summary judgment is due 120 days from the date of this order.  It is **SO ORDERED**.

                                    JAMES ROBERTSON
                                    United States District Judge