UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HSING C. LIU, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 06-0268 (JR) |
| | ) |
| v. | ) |
| | ) |
| KEVIN J. MARTIN, Chairman, | ) |
| Federal Communications Commission, | ) |
| | ) |
| Defendant. | ) |

## CONSENT MOTION FOR A PROTECTIVE ORDER
## AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

In this case against defendant Kevin J. Martin, Chairman of the Federal Communications
Commission ("FCC"), for alleged discrimination under Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e, et seq., plaintiff seeks certain information and documents that defendant
believes may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or which are otherwise
confidential, internal agency information.  In order to permit the parties to use information
relevant to this case without undermining the legislative purposes underlying the Privacy Act, or
compromising the confidentiality applicable to certain agency documents, and pursuant to Rule
26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), defendant respectfully
moves this Court to enter an order protecting the use of certain materials sought by plaintiff
through discovery.   Counsel for plaintiff consents to this motion.

## ARGUMENT

The Privacy Act limits the disclosure of "any item, collection, or grouping of information
about an individual that is maintained by an agency..." 5 U.S.C. § 552(a)(4).  The purpose of
this section is to protect individuals against the invasion of their personal privacy.  See generally
Pilon v. U.S. Dep't of Justice, 73 F.3d 1111, 1120-1121 (D.C. Cir. 1996).  Accordingly, the
Privacy Act carefully sets forth only twelve circumstances under which an agency may disclose

records subject to its terms, including allowing disclosure "pursuant to the order of a court of

competent jurisdiction."   5 U.S.C. § 552a(b)(11).

When the Privacy Act is implicated in the context of civil discovery, the Court of

Appeals for this Circuit has stressed that a District Court's supervisory responsibilities may be

"weightier than in the usual discovery context." Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C.

Cir. 1987).  The special treatment of records subject to the Privacy Act stems from congressional

recognition of their unique character:

> [S]tatutory publication shelters may have some application to
> discovery.   These protected interests reflect a congressional
> judgment that certain delineated categories of documents may
> contain sensitive data which warrants a more considered and
> cautious treatment.

Id. (quoting Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir.

1984)).

In addition to Privacy Act protected information, the Federal Communications

Commission also has personnel records (e.g., crediting and rating plans) which the Agency does

not normally disclose.  Crediting and rating plans are used to evaluate applicants for particular

positions.  The propriety of withholding these plans has even been recognized by Courts in

ruling on cases brought pursuant to the otherwise, pro-disclosure Freedom of Information Act, 5

U.S.C. § 552.  See Kaganove v. EPA, 856 F.2d 884, 889 (7th Cir. 1988)(finding that agency like

any employer "reasonably would expect" applicant rating plan to be internal); National Treasury

Employees Union v. United States Customs Serv., 802 F.2d 525, 531 (D.C. Cir. 1986).  In the

FOIA context, the Seventh Circuit stated,

...there is little doubt that the Rating Plan is a legitimate internal personnel document and that disclosure of the Rating Plan would frustrate the document's objective. The Rating Plan is the sort of document that the [federal agency], and any other employer, reasonably would expect to be internal. Release of the Rating Plan would render it ineffectual because some job candidates, once informed in detail of the experiences that the [agency] considered most valuable for a particular job, might amend the description of their prior employment.

Kaganove, 856 F.2d at 889.

Accordingly, to ensure confidentiality of the types of documents described herein, and to which protection from public disclosure is appropriate, the District Court is accorded discretion through appropriate protective orders to avoid a threat to "the interests protected by statutory publication bans."  See, e.g. Laxalt, 809 F.2d at 889.

In this regard, defendant respectfully requests that the Court enter the accompanying Order, which will allow plaintiff access to certain information and records that he seeks and yet avoid placing sensitive, confidential information unnecessarily on the public record.

July 27, 2006                          Respectfully submitted,


                              _____/s/_____
                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney.


                              _____/s/_____
Of Counsel:                   ANDREA McBARNETTE, D.C. Bar  # 483789
Michael Krasnow               Assistant United States Attorney
Federal Communications        Judiciary Center Building
Commission                    555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing CONSENT MOTION FOR A PROTECTIVE ORDER

AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was

filed via the Court's electronic filing system on this July 27, 2006 and is expected to be served

by the Court's electronic transmission facilities on:


Sol Z. Rosen, Esq,
2502 Calvert Street NW #212
Washington, D.C. 20008
202 296-8485 (phone)
202 296 9375 (fax)


_____/S/_____
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153