UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HSING C. LIU, )
)
Plaintiff, ) Civil Action No.: 06-0268 (JR)
)
v. )
)
KEVIN J. MARTIN, Chairman, )
Federal Communications Commission, )
)
Defendant. )
)

## SETTLEMENT AGREEMENT AND STIPULATED ORDER
## FOR DISMISSAL WITH PREJUDICE

It is hereby stipulated and agreed between Hsing C. Liu, Plaintiff, and Kevin J. Martin, Chairman, Federal Communication Commission ("FCC"), Defendant, by and through their respective attorneys, as follows:

1. **Agreement to Settle**. Plaintiff and Defendant hereby agree to settle and compromise the above-captioned civil action and all other claims arising from or related to the allegations in Plaintiff's complaint, in accordance with the terms and conditions set forth herein.

2. **Terms.** Plaintiff agrees to dismissal with prejudice of this action. He also agrees to withdraw with prejudice any and all claims of any type currently pending against the United States, the FCC, or any of its current or former officials, agents, or employees, under the United States Constitution, Federal or State statutes or regulations, or the common law, regarding any issues already raised or that could have been raised by him prior to the effective date of this settlement agreement as a result of the events giving rise to his allegations in his EEO complaint (FCC-EEO-05-03) and/or the above-captioned proceeding and/or any other grievances, claims,

appeals, and/or lawsuits that he has initiated against the FCC or any of its present or former officials, agents, or employees, that are presently pending at any stage of administrative processing or litigation.

Defendant agrees to:

(a) promote Plaintiff to the GS-14, step 10 level as soon as practicable following the date that the Court approves this settlement. The effective date of that promotion, however, shall be retroactive to the date of execution of this settlement agreement.

(b) pay plaintiff the gross sum of $10,000 (ten thousand dollars). It is also agreed by and among the parties that the total settlement amount of $10,000 (ten thousand dollars) represents the entire amount of the monetary settlement, including compensatory damages, attorneys' fees, litigation costs, interest, or other compensation.

3. <u>Payment by Defendant.</u> Defendant agrees to pay Plaintiff the gross sum of $10,000 (ten thousand dollars) via check made out to Plaintiff's counsel, Sol Z. Rosen and mailed to Sol Z. Rosen, Esq., Attorney at Law, 2501 Calvert St. #212, N.W., Washington DC 20008. Defendant's counsel, upon the court's approval of this settlement agreement, shall promptly submit to the Department of Treasury all information required for processing of the payment. Plaintiff and his counsel shall cooperate by providing any reasonably requested information attendant to the request for payment by the Department of Treasury.

4. <u>Tax Liability.</u> Plaintiff and his attorney fully understand and acknowledge that payment of any and all Federal, State, or local taxes on this payment are the responsibility of

2

Plaintiff and/or his attorney.

5. <u>No Admission</u>. This Stipulation and Agreement of Settlement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without further legal proceedings and avoiding the risks and expenses of litigation. Therefore, this Stipulation and Agreement of Settlement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses.

6. <u>Waiver and Release</u>. Plaintiff waives and releases any and all currently existing claims, demands, rights, and causes of action of every kind and nature, whether now known or unknown or asserted or unasserted, that arise from or by reason of the allegations in Plaintiff's complaint, including without limitation all rights and claims for lost wages, medical expenses, property damage, pain and suffering, attorneys fees, costs, other litigation expenses, and interest or other compensation.

7. <u>No Further Proceedings</u>. Plaintiff agrees that he shall not hereafter institute or prosecute any civil action, administrative proceeding, or other proceeding of any type against the FCC, or any present or former employee, agent, representative, or contractor of that entity with respect to any matter arising from or by reason of the allegations in Plaintiff's complaint.

8. <u>No Duress</u>. Plaintiff represents and warrants that, in entering into and executing this Stipulation and Agreement of Settlement: (a) he has relied on his own investigation; (b) he has been given a reasonable period of time within which to consider the terms and conditions of this Stipulation and Agreement of Settlement; and (c) he has voluntarily entered into this Stipulation and Agreement of Settlement without duress, coercion, or undue influence.

9. <u>Binding Effect</u>. This Stipulation and Agreement of Settlement shall be binding

3

upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns.

10. <u>Complete Agreement.</u> The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

11. <u>Agreement to Dismissal with Prejudice.</u> Plaintiff agrees that the above-captioned civil action shall be dismissed with prejudice, subject to the Court's retention of jurisdiction to enforce the terms of this Agreement, and in such event with each party to bear its own costs and attorney's fees. And that any and all other actions Plaintiff has brought in other forums on claims arising from or by reason of the allegations in his complaint shall also be dismissed with prejudice.

IN WITNESS WHEREOF, the parties hereto, intending to be bound, have stipulated and agreed to the foregoing.

Executed this _____ day of _____, 200__

_____ 12/29/06
SOL ROZEN — Rosen
D.C. BAR #10967
Attorney at Law
2501 Calvert St. #212, N.W.
Washington, D.C. 20008
(202) 296-8485

Counsel for Plaintiff

_____ 1/8/07
JEFFREY A. TAYLOR
D.C. BAR # 498610
United States Attorney

_____ 1/8/07
RUDOLPH CONTRERAS
D.C. BAR # 434122
Assistant United States Attorney

4

/s/ Hsing C. Liu 12/29/2006
_____
Hsing C. Liu

Plaintiff

/s/ A. McBarnette 1/8/07
_____
ANDREA MCBARNETTE
D.C. BAR #483789
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

Counsel for Defendant

SO ORDERED:


_____
DATE

_____
UNITED STATES DISTRICT JUDGE